JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App. R. 11.1 and Loc. R. 11.1, the trial court records and briefs of counsel. Defendants-appellants, Headbangers, Inc. and Christopher Kilcoyne ("Headbangers"), appeal the trial court's granting summary judgment to plaintiff-appellee, Irwin Commercial Finance Corp. ("Irwin"), in this breach of contract case. After reviewing the facts of the case and pertinent law, we reverse and remand.
 {¶ 2} On December 17, 2007, Irwin filed a complaint against Headbangers for breach of contract, seeking $45,090 in damages and the return of a leased custom muffler bending machine. Settlement negotiations ensued and, according to Headbangers, on September 9, 2008, counsel for Irwin contacted counsel for Headbangers and offered to settle the case if Headbangers returned the machine and dismissed its counterclaims. In addition, Irwin was to dismiss its claims against Headbangers. Headbangers accepted this offer. However, later that same day, counsel for Irwin indicated that the person she spoke to at Irwin did not have the authority to make the settlement offer.
 {¶ 3} According to Irwin, on September 10, 2008, further settlement discussions took place. Irwin communicated to Headbangers that any settlement was conditioned upon Irwin's claims for money damages being assigned to a third party, Custom Muffler, Inc., who was the original vender of *Page 4 
the machine. However, it was determined that the details of this third-party agreement could not be ironed out in time for the final pretrial conference, which was scheduled for the next morning, September 11, 2008.
 {¶ 4} At the September 11, 2008 pretrial conference, Headbangers argued that a settlement had been reached on September 9, 2008, involving the return of the equipment. Irwin agreed that discussions took place regarding settling the case on both September 9 and 10, 2008, but argued that no settlement had been finalized or reduced to writing. During the remainder of the pretrial conference, the parties engaged in further settlement negotiations, however, no settlement was reached.
 {¶ 5} Later that same day, Headbangers filed a motion to enforce the settlement agreement. The next day, September 12, 2008, the court granted summary judgment in favor of Irwin on its breach of contract claim. On September 23, 2008, the court denied Headbangers' motion to enforce the settlement agreement. On October 14, 2008, Headbangers appealed.
 {¶ 6} Irwin's motion to dismiss, which was incorporated into its answer brief, was denied on December 8, 2008 by this court.
 {¶ 7} Appellant cites one assignment of error for our review:
 {¶ 8} "I. The trial court erred by granting summary judgment when it had notice of a settlement agreement between the parties and conducted no hearing regarding whether the settlement agreement should be enforced." *Page 5 
 {¶ 9} Appellate review of granting summary judgment is de novo. Pursuant to Civ. R. 56(C), the party seeking summary judgment must prove that 1) there is no genuine issue of material fact; 2) they are entitled to judgment as a matter of law; and 3) reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party.Dresher v. Burt (1996), 75 Ohio St.3d 280. "The burden is on the movant to show that no genuine issue of material fact exists. Conclusory assertions that the nonmovant has no evidence to prove its case are insufficient; the movant must specifically point to evidence contained within the pleadings, depositions, answers to interrogatories, written admissions, affidavits, etc., which affirmatively demonstrates that the nonmovant has no evidence to support his claims. Unless the nonmovant then sets forth specific facts showing there is a genuine issue of material fact for trial, summary judgment will be granted to the movant." (Internal citations omitted.) Wilkes v. JJ Enterprises,Inc., Cuyahoga App. Nos. 84481 and 84502, 2005-Ohio-106.
 {¶ 10} Headbangers does not argue the merits of the underlying breach of contract claim. Rather, Headbangers argues that it was error for the court to grant summary judgment (a) because a settlement agreement had been reached; or, in the alternative, (b) without first holding a hearing to determine whether a settlement agreement had been reached. *Page 6 
 {¶ 11} The Ohio Supreme Court has held that when the parties dispute the terms or existence of a settlement agreement, a trial court must hold a hearing prior to entering judgment. Rulli v. Fan Co. (1997),79 Ohio St.3d 374, 377.
 {¶ 12} In the instant accelerated case, there is a genuine issue of material fact as to the existence of a settlement agreement. Specifically, we limit this holding to the unique circumstances of this case where one party makes a settlement offer, the other party accepts, and the first party then reneges, alleging lack of authority to settle the case. While the court may reach the same conclusion on Irwin's summary judgment motion upon remand, it cannot do so without an evidentiary hearing under the mandate of Rulli, supra.
 {¶ 13} Headbangers' sole assignment of error is sustained.
Judgment reversed and case remanded for proceedings consistent with this opinion.
It is ordered that appellants recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, P.J., and ANN DYKE, J., CONCUR. *Page 1